UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CHARLES GRIFFIN,

        Plaintiff,

v.                                                  Case No. 09-CV-0993

APPLETON HEALTH CENTER,

        Defendant.
_____

## ORDER

On March 30, 2010, the defendant filed a motion to compel the plaintiff to provide discovery responses and the initial disclosures required by Fed. R. Civ. P. 26(a)(1). (Docket #15). To date, the plaintiff has opted to not respond to the defendant's motion. The court cannot similarly ignore the defendant's motion, however, and, accordingly, will address merits of the motion.

Accompanying the defendant's motion to compel is an affidavit by their counsel attesting to several and repeated efforts the defendant has made in attempting to acquire information related to the litigation from the plaintiff. Moreover, the defendant has disclosed the few and belated responses the plaintiff has provided during litigation to the defendant's discovery requests. The information provided by the defendant reveals that the plaintiff is blatantly not cooperating in the discovery process. For example, in response to the defendant's interrogatory to "identify all persons . . . known to you to have knowledge relating . . . to the allegations contained in the Complaint," the plaintiff simply responded with the phrase

"Objection, Work Product." Other responses by the plaintiff to the defendant's discovery requests are replete with similar comments. Discovery is a search for the truth, and it is readily apparent that the plaintiff is attempting to impede such a search. Accordingly, the court will grant the defendant's motion to compel and will require the plaintiff to fully respond to the defendant's discovery requests within **fourteen (14) days** of the date of this order.

Fed. R. Civ. P. 37(a)(5)(A) provides that if a party's motion to compel is granted the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court may not order payment if the movant did not meet and confer before filing the motion, if the opposing party's response was substantially justified, or if other circumstances make an award unjust. *Id.* As such, the defendant should file a fee petition for the motion to compel within seven days of this order, allowing the plaintiff to respond within seven days thereafter.

More broadly, it appears plain to the court that the plaintiff is not diligently prosecuting the present action. The plaintiff failed to respond to the instant motion before the court and has ultimately opted to not participate in discovery. Civil L.R. 41(c) states that "whenever it appears to the court that a plaintiff is not diligently prosecuting an action, the court may dismiss the case with or without prejudice." However, because dismissal is a drastic sanction for any litigant's lack of diligence,

the court will allow the plaintiff a last chance to comply with the defendant's discovery requests and to respond to any bill of costs the defendant files with respect to the instant motion. If the plaintiff continues to fail to diligently prosecute the present case, the court will be obliged to dismiss the case without prejudice and without further notice. *See Kruger v. Apfel,* 214 F.3d 784, 787 (7th Cir. 2000) (requiring district courts to give clear warning to a plaintiff before dismissing for failure to prosecute).

Accordingly,

**IT IS ORDERED** that defendant's motion to "compel discovery responses and Rule 26(a)(1) initial disclosures" (Docket #15) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff shall fully respond to the defendant's discovery requests, including providing the defendant with Rule 26(a)(1) initial disclosures and full and complete responses to the defendant's first set of written interrogatories and first request for production of documents, within **fourteen (14) days** of the date of this order;

**IT IS FURTHER ORDERED** that, unless the parties have already agreed upon the amount of fees by then, the defendant shall file its fee petition for its motion to compel within **seven days** of the date of this order and the plaintiff may respond within **seven days** thereafter. No reply is necessary;

**IT IS FURTHER ORDERED** that if the plaintiff fails to comply with the court's present order, that the court will dismiss this case without prejudice for lack of diligence pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 7th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge